# EX. A

FILED
IN COUNTY CLERK'S OFFICE

OCT 0 5 2021

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY _____ DEPUTY

PIERCE COUNTY SUPERIOR COURT
KEVIN STOCK
CLERK OF THE SUPERIOR COURT
TACOMA WA

21-2-07727-9

Rpt. Date 10/05/2021  Acct. Date 10/05/2021  Time 09:32 AM
Receipt/Item # 2021-03-04001/01  Tran-Code 1100  Docket-Code $FFR
Cashier: TMW

Paid By: carpenter, robert
Transaction Amount: $240.00

**SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR PIERCE COUNTY**

| | |
|---|---|
| ROBERT GLEN CARPENTER,<br><br>Plaintiff,<br><br>vs.<br><br>PIERCE COUNTY, a governmental corporation of the STATE OF WASHINGTON by and through its municipal subdivision the PIERCE COUNTY SHERIFF'S DEPARTMENT and individual police administration officers including SHERIFF PAUL PASTOR, and JOHN DOES 1-5<br><br>Defendants. | NO. 21 2 07728 7<br><br>COMPLAINT |

COMES NOW the plaintiff, Robert Glen Carpenter, for a Complaint and for cause of action against defendants, states and alleges as follows:

**I. PARTIES**

1.1 Robert Glen Carpenter is a married adult man, resident of Pierce County, Washington and at all times relevant hereto, was a resident of Pierce County, Washington.

COMPLAINT- 1

1.2    Defendant Pierce County is a governmental corporation under the laws of the State of Washington located therein and including in its boundaries Tacoma, Pierce County, Washington. The Pierce County Sheriff's Department is a governmental subdivision of the County of Pierce for which the defendant County of Pierce has legal liability.

1.3    Paul Pastor was at all times relevant hereto the elected Sherriff of Pierce County, Washington.

## II. JURISDICTION

2.1    All acts, conduct and events alleged herein that were perpetrated or undertaken against plaintiff Robert Glen Carpenter were performed or committed by employees or representatives of the Pierce County Sheriff's Department in the course and scope of their employment for which Pierce County by and through governmental subdivision, Pierce County Sheriff's Department, for which actions of employees Pierce County has legal liability.

2.2    Individual defendants Pierce County Sheriff Paul Pastor and John Does 1-5 were at all times employed by the Pierce County Sheriff's Department as law enforcement officers, were primarily in the context of the litigation herein administrators in the Tacoma Police Department and at all times material hereto were acting in that capacity and under color of state law. Individual defendant Paul Pastor was the elected Sheriff for the County of Pierce at all times relevant hereto.

## III. FACTUAL BACKGROUND

On the night in question, Robert Glen Carpenter, while off-duty from his job as a Pierce Sheriff's Deputy met two men at a Tacoma restaurant/bar and later agreed to

COMPLAINT- 2

accompany them to another business location to buy from a legal dispensary, for two men's use, a quantity of marijuana product. After he did so, the two men objected to the type of marijuana product he had bought and demanded that he return to the dispensary and buy a different product for them. The dispensary had by then closed. One of the men then began to berate and threaten Carpenter, even pointing a gun at him, and a physical fight ensued. One of the other men gained control of a loaded gun and threatened Carpenter with it. The fight continued as Carpenter tried to regain control of the gun, and, in the process of regaining control over the gun, Carpenter and one of the men, the complaining witness, wrestled for control of a knife. The other man was cut on his hand, and subdued by Carpenter before the police arrived and separated the parties.

Carpenter was arrested that night on a charge of assault in the first degree under RCW 9A.36.011. A police investigation by the Tacoma Police Department was then performed and submitted to the Pierce County Sheriff, who, reliant on the TPD investigation, did little or no further investigation prior to terminating Carpenter's employment. Subsequently, after the completion of this deficient investigation process, Carpenter was fired from his longtime employment as a Deputy Sheriff in Pierce County, Washington, with the added consequence that he lost off-duty employment and his employment-associated benefits. He lost the substantial income he made as an expert trainer at the regional police academy and with individual law enforcement agencies. This arrest, and the subsequent firing, violated Robert Glen Carpenter's substantive and procedural due process rights, constituted a tortious interference with his economic interests, and violated his constitutional equal protection rights by treating

COMPLAINT- 3

him in a disparate manner and subjecting him to a hostile work environment. As a result of a negligently performed investigation, performed substantially by officers of the Tacoma Police Department but used by Pierce County to provide a basis for firing him, Mr. Carpenter has been subjected to ostracism, damage to reputation, and psychological injury both mental and emotional associated with wrongful discharge from the profession he had been engaged in for over 20 years. He has suffered loss of income, loss of valuable benefits and side work, and impairment of his pension rights. He was in fact the victim of an assault and instead has been subjected to arrest, professional discipline and loss of his career due to the County's failure to adequately assess and investigate the available facts of the incident for which he was wrongfully charged.

Top administrators of the Pierce County Sheriff's Department, and the Tacoma Police Department, directed, approved and coordinated a criminal investigation of Robert Glen Carpenter's actions on the date in question, and wrongfully used an incomplete and skewed investigation as a basis to end the career of this long-serving and highly decorated officer by discharging him wrongfully, causing him psychological injury and financial harm, all in violation of his constitutional rights under the fourth, fourteenth and fifteenth amendments to the United States Constitution.

Attached hereto as **_Exhibit A_**, incorporated herein by reference as though fully set forth herein, is a true and correct copy of Robert Glen Carpenter's Claim. More than 60 days have elapsed since the filing of this Claim with the City of Tacoma and the claim is now ripe for this lawsuit to be filed.

COMPLAINT- 4

## IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Procedural and substantive Due Process)**

4.1 The individual defendants herein, individually and collectively on behalf of the named defendant entity that employs them, acted recklessly and with wilful disregard, arbitrarily and capriciously, of the constitutional protections of citizens and its employees including Robert Glen Carpenter in the conduct herein described and acting under the color of State law deprived plaintiff Robert Glen Carpenter of rights secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. This conduct of the individual defendants herein constituted de facto, unwritten policy and practice within the context of the Pierce County Sheriff's Department, County of Pierce, for which the County of Pierce has legal liability.

**SECOND CAUSE OF ACTION**

**(Disparate Treatment and Hostile Work Environment)**

4.2 Defendants individually and collectively subjected plaintiff Robert Glen Carpenter to disparate treatment during his arrest, investigation and discharge from employment processes and tortiously interfered with his economic relations, his job, his income and his job-related benefits in violation of provisions of Chapter 49.60 RCW and in so doing created a hostile work environment in which he was treated as a criminal and alienated and discharged after decades of employment on the basis of an unproven allegation from a person outside the agency who was himself a suspect in a crime against Robert Glen Carpenter

COMPLAINT- 5

# THIRD CAUSE OF ACTION
(Tortious Interference with Economic Relations by Defendants)

4.3 The individual defendants, individually and collectively, tortiously interfered with Robert Glen Carpenter's economic relations in conspiring and/or acting with reckless disregard for probable consequences to Carpenter by creating circumstances that would result in his termination of his employment with the Pierce County Sherriff's Office and in other jobs which he was qualified because of his experience, background and training as a law enforcement officer and by acting on challenged and incorrect information to fire him in spite of the probable consequences to him.

# FOURTH CAUSE OF ACTION
(42 USC §1983)

4.4 Defendants individually and collectively violated Robert Carpenter's constitutional rights by treating him in a manner consistent with a practice or policy, approved by final a decisionmaker either expressly or tacitly ratified and violative of his constitutional rights, and subjected him to reckless, wilful and wanton conduct for which defendants individually and Pierce County collectively are liable after their use of a negligent investigation and a predetermined review process to fire Carpenter, making them liable for Robert Glen Carpenter's special, general and punitive damages, all in an amount to be proven at the time of trial.

4.5 As a direct and proximate result of defendants' conduct as alleged herein, Robert Glen Carpenter suffered injury and damage to his person, to his reputation, to his good name, his constitutional rights were damaged and infringed, he lost income, suffered physical injury and damage, suffered disability, some of which damages may

COMPLAINT- 6

be long-lasting and permanent, all in an amount to be proven at the time of trial. Plaintiff also asks for attorney fees in accordance with 42 USC 1988 and state law.

### FIFTH CAUSE OF ACTION: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

4.6  It is a clear public policy that police officers not engage in improper governmental actions, including abuse of authority and creating a substantial and specific danger to the public health or safety.

4.7  It is a clear public policy that police officers follow the law by protecting victims of violence and not needlessly endangering victims or themselves.

4.8  It is a clear public policy that employees, including police officers, report misconduct and illegal acts against themselves to employers and colleagues.

4.9  It is a clear public policy for police officers to refuse to commit illegal acts, like hiding evidence of illegal acts or making false claims.

4.10  Washington State law recognizes a clear public policy in protecting employees who are retaliated against and wrongfully discharged in violation of public policy. Public policy supporting employees' freedom to protect himself and defend his actions in the face of illegal, discriminatory, and dangerous practices would be jeopardy if Defendant County were free to discharge any employee who stands accused of a crime by a possible perpetrator of said crime.

4.11  The Defendant County owed Carpenter a duty to not discharge him in violation of public policy where he stood falsely accused by a perpetrator of an assault who fabricated a self-exculpatory version of an event in which he was an aggressor and blaming Carpenter for an incident that he, not Carpenter, created.

COMPLAINT- 7

4.12   The Defendant County breached this duty when it repeatedly retaliated, harassed, and created a hostile work environment for Carpenter and when they ultimately used a flawed, incomplete and inaccurate police report generated by officers of the Tacoma Police report regarding an incident that occurred on October 5, 2018 as a pretext to fire Carpenter on December 28, 2018.

4.13   The Defendant County breached this duty when it repeatedly retaliated, harassed, and created a hostile work environment for Carpenter after he denied the self-serving and false version of events put forward by the complaining witness and presented credible evidence that the witness was fabricating his story.

4.14   The Defendant County's unwarranted termination of Carpenter was in direct retaliation for Carpenter speaking up against the unlawful acts of the complaining witness and  were the culmination of the hostile work environment he had to endure.

4.15   The retaliation and harassment resulted in intolerable working conditions for Carpenter.  When he was discharged by the Defendant County Carpenter was separated from the Pierce County Sheriff's Department.

4.16   Defendant County violated state law when it discharged Carpenter for refusing to accept blame for an assault that he did not commit. There were no legitimate or non-discriminatory bases for their termination except a report from TPD detectives that was challenged and shown to be false but used anyway as a basis for termination.

4.17   As a direct and proximate cause of these breaches, failures and omissions by the Defendant County and its commanding officers, Carpenter has suffered emotional distress, psychological distress, physical harm, humiliation, loss of

COMPLAINT- 8

wages and benefits, damage to his personal reputation, damage to his professional reputation and ability to advance in the workplace, and other damages. The damages are significant and ongoing.

WHEREFORE, Robert Glen Carpenter prays for damages for all special and general damages as alleged herein, for punitive damages and fees under 42 USC § 1988 against the individually-named defendants for their reckless, wilful and wanton conduct, for an award of reasonable attorney's fees by statute where permitted by state and federal law and for such other and further relief as the Court may find fair and just.

DATED this 5th day of October, 2021.

_____
Robert Glen Carpenter

COMPLAINT- 9

**EXHIBIT A**

| AMENDED Claim for Damages<br>Pierce County | Risk Management Division, Ph: 253-798-7462 | RECEIVED<br>AUG 0 4 2021<br>PIERCE COUNTY<br>RISK MANAGEMENT DIVISION |
|---|---|---|

Notice: No damages can be paid by Pierce County unless a claim complying with Washington State Law is presented to Pierce County Risk Management. After filing a claim, please direct all questions to Risk Management at (253) 798-7462 (Office Hours 8:00am - 4:30pm). Pursuant to RCW 42.56 any documents submitted with this claim form are public records subject to disclosure.

Instructions: (1) Complete this form giving specific details about your damage or loss. Include dates, times, witnesses and supporting documents (attach additional pages as necessary). (2) Sign the form. (3) Return completed form with signature to Pierce County Risk Management, 955 Tacoma Avenue S., Suite 303, Tacoma, WA 98402 or PCRISKMGMT@piercecountywa.gov. (RCW 4.96.020) Explanation of claims process: After this Claim for Damages is received by Risk Management, a claim number and an investigator will be assigned. The investigator will conduct an investigation and contact you if further information is needed.

| Name: | Robert Glen Carpenter | Date of Birth: | |
|---|---|---|---|
| Address: | 622 Upper Park Street, Tacoma, WA 98404-1636 | | |
| Business Phone: N/A | Home Phone: 253-255-7485 | Message/Cell Phone: | |
| Address at time of loss/ incident occurred: | 622 Upper Park Street, Tacoma, WA 98404-1636 | | |
| Incident occurred: | October 5, 2018 at 00:45:00 at Pacific Avenue South/38th Street, Tacoma, WA 98418 | | |

Date of Incident: October 5, 2018 and thereafter       Time of Incident: 12:15 A.M. and thereafter

**Amount Claimed: $9,000,000.00**

Location of Loss/Incident: Pacific Avenue South/38th Street, Tacoma, WA 98418

Description of Details (Describe how the loss/incident occurred):

On the night in question, Robert Glen Carpenter, while off-duty from his job as a Pierce Sheriff's Deputy met two men at a Tacoma restaurant/bar and later agreed to accompany them to another business location to buy from a legal dispensary for their use a quantity of marijuana. After he did so, the two men objected to the type of marijuana product he had bought and demanded that he return to the dispensary and buy a different product for them. The dispensary had by then closed. The men then began to berate and threaten Carpenter, and a physical fight ensued. One of the other men gained control of a loaded gun and threatened Carpenter with it. The fight continued as Carpenter tried to regain control of the gun, and, in the process of retaining control over the gun, Carpenter and one of the men wrestled for control of a knife. The other man was cut on his hand, and subdued by Carpenter before the police arrived and separated the parties.

Carpenter was arrested on a charge of assault in the first degree under RCW 9A.36.011. Subsequently he was fired from his longtime employment as a Deputy Sheriff in Pierce County, Washington, with the added consequence that he lost off-duty employment and his employment-associated benefits. This arrest, and the subsequent firing, violated Robert Glen Carpenter's substantive and procedural due process rights, constituted a tortious interference with his economic interests, and violated his constitutional equal protection rights by treating him in a disparate manner and subjecting him to a hostile work environment. As a result of a negligently performed investigation, Mr. Carpenter has been subjected to ostracism, and psychological injury both mental and emotional associated with wrongful discharge from the profession he had been engaged in for over 20 years. He has suffered loss of income, loss of valuable benefits and side work, and impairment of his pension rights. He was in fact the victim of an assault and instead has been subjected to arrest, professional discipline and loss of his career due to the County's failure to adequately assess and investigate the available facts of the incident for which he was wrongfully charged.

Top administrators of the Pierce County Sheriff's Department, and the Tacoma Police Department, directed, approved and coordinated a criminal investigation of Robert Glen Carpenter's actions on the date in question, and wrongfully used an incomplete and skewed investigation as a basis to end the career of this long-serving and highly decorated officer by discharging him wrongfully, causing him psychological injury and financial harm.

Pierce County's Involvement (if possible, please identify employee, department and/or vehicle involved):

Pierce County Sheriff
930 Tacoma Ave S
Tacoma, WA 98402
(253) 798-7530
Sheriff Ed Troyer;

Pierce County Claim Form (Rev 11/2020)

Sheriff Paul Pastor;
Lt. Mueller;
Sgt. Myhre;
Undersheriff Brent Bomkamp
Forensics Technology Specialists, names unknown;

**Witnesses (Please provide addresses and phone numbers):**

**City of Tacoma**
**Tacoma Police Department**
3701 S Pine St
Tacoma, WA 98409
(253) 798-4721

Detectives and all personnel from TPD involved in the investigation of this case;
Former Detective Sergeant Mark Merrod;
Forensics Technology Specialists, names unknown;
Forensics Paul Depolster;
PPO Scott Hendershot;
O Jon Eberle;
James Buchanan;
Retired Sergeant Michael Lim;
Brian Vold;
Christopher Burbank;
Brandon Scheetz;
Angel Castandeda;
Aaron Lucas;
Det. Reopelle;

Samuel Corales
8309 14th Avenue East
Tacoma, WA 98404
(516) 943-8499

Isaac J Vaughan
901 East 72nd St., #3A
Tacoma, WA
(757) 593-7879

Emmanuel R Bradsher
206 Auburn Way N
Auburn, WA 98002
(206) 778-1646

Jann Athea Hilotin Mella
915 South 27th St
Tacoma, WA 98409
(206) 778-1696

**Address/Contact Information unknown:**

Armando Farinas;
Nathan Reetz;
Meaghan Jones-Rush;
Malerie Ramos;
Eric Schillen

| Property Damage (please describe the value and extent of the damage to your home, automobile or personal property. Attach estimates, bills, photographs and whatever documentation of damages you may have): |
|---|
| Mr. Carpenter's 9mm pistol and his knife were confiscated when he was arrested. His vehicle has been returned to him. |

| Make/Model: N/A | Year: N/A | License #: N/A |
|---|---|---|
| Insurance Company: N/A | Policy #: N/A | |

**Were you injured? Yes [ X ]  No [  ]; If yes, then complete the following:**

Mr. Carpenter suffered superficial injuries in the incident in question, which resolved within a short time.

Are you currently receiving medical treatment? Yes [  ] No [ X ]     Are you currently on Medicare/Medicaid? Yes [ X ] No [  ]

Describe your injury (identify your doctor(s)/healthcare provider(s)):

Dr. Paula van Pul, 3815 100th St SW - Lakewood, WA, 98499, (253) 984-7686

"I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct."

_____    8/4/21
Signature of Claimant or Authorized Agent (RCW 4.96.020 (3))     Date

Pierce County Claim Form (Rev 11/2020)